RECEIVED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAN 1 2 2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

__Valentina L. O'Connor__

(Name of the plaintiff or plaintiffs)

v.

__Latonya Austin__

(Name of the defendant or defendants)

11cv220
Judge Milton I. Shadur
Magistrate Nan R. Nolan

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.
2. The plaintiff is __Valentina L. O'Connor__ of the county of __Cook__ in the state of __IL__.
3. The defendant is __Latonya Austin__, whose street address is __2710 E. 89th Street, Chicago, IL 60617__,
(city) __Chicago__ (county) __Cook__ (state) __IL__ (ZIP) __60617__
(Defendant's telephone number) __(773)-535-6905 / (773)535-6054__

II The plaintiff sought employment or was employed by the defendant at (street address) __2710 E. 89th Street (Global Vision Acad High School)__ (city) __Chicago__
(county) __Cook__ (state) __IL__ (ZIP code) __60617__

5. The plaintiff [*check one box*]
   (a) ☐ was denied employment by the defendant.
   (b) ☒ ~~was hired~~ and is still employed by the defendant.
   (c) ☐ was employed but is no longer employed by the defendant.
6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) __Sept.__, (day) __01__, (year) __2008__.

7.1 *(Choose paragraph 7.1 or 7.2, do NOT complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*]

☐ has not ☒ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i) ☒ the United States Equal Employment Opportunity Commission, on or about (month) September (day) 17 (year) 2010.

    (ii) ☒ the Illinois Department of Human Rights, on or about (month) September (day) 17 (year) 2010.

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is ttached. ☒ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and
(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint. (the Complaint was completed by an EEOC investigator, who wrote false allegations instead of what plaintiff stated (see attached letters)

☒ Yes (month) September (day) 17 (year) 2010
☐ No, did not file Complaint of Employment Discrimination

2. The plaintiff received a Final Agency Decision on (month) October (day) 12 twelve (year) 2010.

c. Attached is a copy of the

    a. Complaint of Employment Discrimination,

    ☒ YES ☐ NO, but a copy will be filed within 14 days.

    (ii) Final Agency Decision

    ☒ YES ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue*.

(b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)_____ (day)_____ (year) **2010** a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

   (a) ☐ Age (Age Discrimination Employment Act).
   (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)
   (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)
   (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

   (a) ☐ failed to hire the plaintiff.
   (b) ☐ terminated the plaintiff's employment.
   (c) ☒ failed to promote the plaintiff.
   (d) ☐ failed to reasonably accommodate the plaintiff's religion.
   (e) ☒ failed to reasonably accommodate the plaintiff's disabilities.
   (f) ☒ failed to stop harassment;
   (g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;
   (h) ☒ other (specify): The defendant threatened, sought and pursued firing the plaintiff instead of granting plaintiff's request for accomodation due to plaintiff's need to treat her disabled son. The defendant issued excessive punishment, seeking plaintiff's job termination for 1 to 10 min tardiness (with a reasonable cause) in the morning although the plaintiff fulfilled her job's duties, going above expectations. Other employees were late w-out cause and were promoted instead of being excessively punished. Since plaintiff responded by asking the Union's support, defendant ensued a series of harassments.

*Defendant continued non-stop harassment of plaintiff by slander, denial of participation to professional development, depriving the plaintiff (non-stop) of necessary equipment for her job's requirements, enlisting other employees in destroying plaintiff's professional equipment and making false accusations against the plaintiff, cutting off wages for days when plaintiff worked, preventing plaintiff from signing in when she reported to work, calling the plaintiff on intercom for the whole campus (4 school) and stating derogative allegations in the purpose of embarrassing*

13. The facts supporting the plaintiff's claim of discrimination are as follows:

* Group I Acts of Misconduct (Employee Discipline Book-Board of Education states "Failing to report to school or assigned work location in a timely manner without reasonable justification."- The disciplinary action in this situation: Written Reprimand. Defendant recommended Termination and started Progressive Discipline actions (3 days, 5 days suspensions etc) instead.
* Defendant deprived plaintiff of needed for the job-equipment & of Professional Development opportunities. • Defendant publicly humiliated and violated plaintiff's privacy rights making derogatory *[margin: repeating day-off calls.]* remarks on all-campus intercom loud messages.

14. [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ YES  ☒ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.
(b) ☐ Direct the defendant to re-employ the plaintiff.
(c) ☒ Direct the defendant to promote the plaintiff.
(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.
(e) ☒ Direct the defendant to reasonably accommodate the plaintiff's disabilities. *disabled son*
(f) ☒ Direct the defendant to (specify): • *accommodate plaintiff's need to assist son.* • *remedy the unjustly issued Misconduct Reports' damage to the plaintiff's reputation, promotion, honor, and ability to be employed by other C.P.S. Principals.* • *Stop harassing the plaintiff (see above) and preventing her from working and being remunerated for her work.* • *stop enlisting other employees' false allegations in order to slander and CRIMINALIZE the plaintiff.* • *Evaluate plaintiff's work OBJECTIVELY (no bias).*
(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.
(h) ☒ Grant such other relief as the Court may find appropriate.

_Valentine O'Connor_
Plaintiff's signature

_Valentina L. O'Connor_
Plaintiff's name

Plaintiff's street address  10732 S. Seeley Ave.

City Chicago  State IL  ZIP 60643

Plaintiff's telephone number (773) 238-0680

Date: 1/10/2011

EEOC Form 161 (11/09)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Bryce Wayne  800669 4000

## DISMISSAL AND NOTICE OF RIGHTS

To: Valentina L. O'Connor
10732 South Seeley Avenue
Chicago, IL 60643

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

**CERTIFIED MAIL 7010 1870 0001 1856 7260** CP

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2010-06157 | **Kiprono Sigilai,** Investigator | (312) 353-8180 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

John P. Rowe,
District Director

10-12-10
*(Date Mailed)*

cc: **CHICAGO PUBLIC SCHOOLS**

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2010-06157 |
|---|---|---|

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Valentina L. O'Connor | (773) 238-0680 | 10/29/1950 |

Street Address: 10732 S. Seeley Avenue, Chicago, IL 60643

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CHICAGO PUBLIC SCHOOLS | 500 or More | (773) 535-6905 |

Street Address: Global Visions Academy High School, 2710 E. 89th St. Chicago, IL 60617

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 3-11-2010
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I was hired by Respondent in 1992. I currently work as a Special Education Teacher. During my employment I have been subjected to different terms and conditions of employment including but not limited to being prevented from going to workshops during school hours. I was disciplined on March, 2010.

I believe that I was discriminated against because of my race, White, and national origin, Romanian, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
SEP 17 2010
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Sep 17, 2010 — Valentina O'Connor
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

11/29/10

Dear Mr. Rowe,

I, the undersigned, Valentina L. O'Connor, bring to your attention the following:

- My EEOC Charge Case No. 440-2010-06157 has been dismissed based on false allegations. Please consider my charges and also please consider the approx. 60 pages of documentation to support my charges.
- I was interviewed on Sept. 17, 2010 by Mr. Sigilai, Kiprono and a witness who identified himself as "Joe" (or "John?!") (Mr. Foggerty).
- During the interview, I was constantly interrupted by Mr. Sigilai, Kiprono who showed a great impatience with listening to what I had to say, e.g. he refused to repeat his last name when I did not get it the first time and several times during the interview commenting out loud that this charge he will not consider and/or dismiss it. It took the witness to intervene in order for Mr. Kiprono to allow me to continue and to accept my attached documents to my complain. In the attached Dismissal letter, the statements Re: my principal's refusal to

- over -

allow me to attend professional workshops during working hours is totally false. I NEVER STATED that. Regarding the other allegation, "I was disciplined on March, 2010", Mr. Kiprono refused to at least look at my documentation proving that The Discipline Notice was based solely on false allegations. If my charge appears totally reinforced indeed, it is because Mr. Kiprono Sigilai seems to have re-phrased my statements like that, instead of considering my legal complaints and refused to at least look at the very accurately documented evidences that I supported and based my allegations upon. (and which are attached to my charge — in case these evidence papers are missing, I did keep the originals)

I explained to Mr. Kiprono that only our new school principal (hired in 2008) discriminated against because Mr. Kiprono did not consider my real

Considering the above, I respectfully request that my case be continued; based on your judgment of the situation, maybe another investigator would be willing to listen to my complaint and to read the documents in support of my complaint.

Sincerely,

Valentina O'Connor

P.S. Please excuse my spelling mistakes!

* I was hired by the Chicago Public Schools in 1992, but I NEVER have been discriminated against until our new school principal (hired in 2008) started this "progressive discipline" not only against me, but also against other veteran teachers, who are willing to testify!