IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VALENTINA L. O'CONNOR,         )
                                )
          Plaintiff,            )
                                )
     v.                         )    No. 11 C 220
                                )
LATONYA AUSTIN,                 )
                                )
          Defendant.            )

MEMORANDUM ORDER

Valentina O'Connor ("O'Connor") has filed a Complaint of Employment Discrimination against Latonya Austin ("Austin"), using the form provided by the Clerk's Office for pro se plaintiffs. O'Connor's Complaint is accompanied by an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"), each of which is also submitted on a Clerk's-Office-supplied form. Even apart from the document deficiencies noted by the Clerk's Office,[1] the Complaint is fatally defective, and both it and this action are therefore dismissed.

First, in the event that O'Connor seeks to try again with a proper lawsuit, she is advised that she does not qualify for in forma pauperis treatment--that is, she cannot proceed without full prepayment of the filing fee. From her Application it is

---

[1] As the intake clerk has noted, the original Complaint is double-sided, contrary to court rules. In addition, the Judge's Copy of the Motion was lacking its second page, but the Clerk's Office has taken care of that by providing this Court with a photocopy of that page.

clear that the combined income of O'Connor and her husband, as well as their acknowledged $3,700 "in cash or checking or saving accounts," disqualifies her financially.

It should also be noted that the Complaint and its attached exhibits suggest that the lawsuit may be untimely. Complaint ¶7.2.2[2] says that O'Connor received EEOC's right-to-sue letter on October 12, 2010. If so, her January 12, 2011 filing of this lawsuit took place 91 days later, just outside of the 90-day period during which she was permitted to bring suit. But it seems more likely that O'Connor was confused in her response, because the right-to-sue letter itself (an exhibit to the Complaint) is dated October 12 and recites that it was sent to O'Connor by certified mail). Accordingly the question of timeliness will not be used as a basis for dismissal at this point.

Instead the fatal flaw in the Complaint is that named defendant Austin is clearly <u>not</u> O'Connor's employer, which has to be the target of an employment discrimination lawsuit. Complaint ¶II (a typographical error--it should be "¶4") states that O'Connor is employed at Global Vision Academy High School, and her Charge of Discrimination listed "Chicago Public Schools" as her employer. Instead O'Connor's narrative charges Austin as

---

[2] That is the wrong paragraph, because it applies to employees of federal governmental agencies. Instead O'Connor's response should have been made at Complaint ¶8(b).

"defendant" with a pattern of harassment and with efforts to have O'Connor's employment terminated.

Moreover, the Americans with Disabilities Act (the "Act," on which O'Connor seeks to base her Complaint) prohibits employment discrimination based on the _employee's_ disability, while O'Connor charges that she was denied requests for accommodation due to her need to treat her disabled son. Given the earlier-stated ground for dismissal, this Court has not looked into whether any caselaw brings such a claim within the scope of the Act (something that is certainly not supported by its literal language).

Accordingly both the Complaint and this action are dismissed. Both the Application and the Motion are denied as moot.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date: January 14, 2011

---

[3] As indicated earlier, the Application would have been denied on the merits, and that would certainly be true as to the Motion as well (though there is no need to speak to that issue under the circumstances).